UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MATTHEW CALICCHIO, SANDRA
CALICCHIO, and MICHAEL CALICCHIO,

                    Plaintiffs,

      -against-

SACHEM CENTRAL SCHOOL DISTRICT,
SACHEM CENTRAL SCHOOL DISTRICT
BOARD OF EDUCATION, THE SUFFOLK
COUNTY POLICE DEPARTMENT, JOHN
DOLAN, LISA JOHNSON, ANDREW
LARSEN, KAREN MOTT, and JACK
RENDA,

                  Defendants.
-----------------------------------------------------------------X

**REPORT AND
RECOMMENDATION**
14-cv-5958 (DRH)(SIL)

**STEVEN I. LOCKE, United States Magistrate Judge:**

This matter is before the Court on referral from the Honorable Denis R. Hurley to oversee and manage discovery. For the reasons set forth herein, the Court respectfully recommends *sua sponte* that *pro se* Plaintiff Sandra Calicchio's ("Sandra") claims be dismissed with prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and that, subject to Plaintiffs' Matthew Calicchio ("Matthew") and Michael Calicchio ("Michael," and together with Matthew and Sandra, "Plaintiffs") stipulation of discontinuance being filed expeditiously, this matter be terminated.

## I. BACKGROUND

By way of Complaint dated October 10, 2014, Plaintiffs commenced this action against Defendants Sachem Central School District (the "District"), the District's

Board of Education (the "Board") Lisa Johnson ("Johnson"), John Dolan ("Dolan"), Andrew Larsen ("Larsen"), Jack Renda ("Renda"), Karen Mott ("Mott") (Johnson, Dolan, Larsen, Renda, and Mott, collectively the "Individual District Defendants," and together with the District, and the Board, the "District Defendants"), the Suffolk County Police Department ("SCPD") and the County of Suffolk (the "County," and together with the SCPD, the "County Defendants"), alleging, pursuant to 42 U.S.C. § 1983, violations of Plaintiffs' rights secured by the Fourth, Thirteenth, and Fourteenth Amendments, together with various state law claims. *See* Complaint, Docket Entry ("DE") [1].

The County Defendants and the District Defendants each moved to partially dismiss the Complaint on February 24 and February 25, 2016, respectively. *See* DEs [22], [23]. On May 5, 2016, Judge Hurley: (i) granted the County Defendants' motion in its entirety; (ii) granted the District Defendants' motion in part and denied it in part; and (iii) directed Plaintiffs to file an amended Complaint within twenty days of his Memorandum and Order. *See* DE [24].

The parties appeared before this Court for an initial conference on June 17, 2016. *See* DE [31]. At that conference, the Court adopted and So Ordered the parties' proposed scheduling order, and discovery commenced thereafter. *Id.* The parties appeared for eleven in-person status conferences between October 2016 and November 2018. *See* DEs [35], [36], [38], [41], [46]-[49], [51], [53], [54]. Discovery concluded on February 1, 2019. *See* January 17, 2019 Electronic Order. The District Defendants filed their summary judgment motion on August 26, 2019, *see* DE [66],

which Judge Hurley granted in part and denied in part on January 17, 2020.  *See* DE

[78].  The County Defendants did not file a summary judgment motion.

On October 3, 2021, Plaintiffs' attorney, Scott Lockwood, Esq., sought to

withdraw as counsel for Sandra only.  *See* DE [90].  The Court scheduled an in-person

hearing on the motion to withdraw for November 15, 2021, and directed Sandra to

appear at the hearing.  *See* October 4, 2021 Electronic Order.  Sandra neither

appeared at the November 15 hearing, nor opposed her attorney's motion to

withdraw.  *See* DE [93].  Accordingly, the Court adjourned the hearing until

December 20, 2021 and directed Sandra "to appear at the next conference to explain

to the Court whether she intend[ed] to proceed with her claims given her attorney's

representations that she [wa]s no longer willing to speak with him."  *Id.*  A copy of

the Minute Order from this conference was mailed to the address that Sandra had

provided.  *See* DE [94].

Neither Sandra nor Plaintiffs' counsel, however, appeared at the December 20,

2021 status conference.  *See* December 20, 2021 Electronic Order.  Accordingly, the

Court adjourned the status conference to January 12, 2022, and issued its first

warning that "repeated failures to appear will result in a recommendation to the

District Judge to dismiss this case for failure to prosecute pursuant to Fed. R. Civ. P.

41."  *Id.*  A copy of the Minute Order from this conference was mailed to the address

that Sandra had provided.  *See* DE [96].

Sandra failed to appear at the January 12, 2022 status conference.  *See* DE

[97].  Accordingly, this Court granted the motion to withdraw without opposition, and

consistent with the representation that Matthew and Michael had settled their claims against Defendants: (i) instructed Michael and Matthew to file a stipulation of discontinuance; (ii) stayed the case until February 10, 2022 so that Sandra could obtain new counsel; and (iii) directed Sandra that either she, or her new attorney, must appear at the February 10 conference. *Id.* A copy of the Minute Order from this conference was mailed to the address that Sandra had provided. *See* DE [98].

Nonetheless, Sandra again failed to appear for the February 10, 2022 status conference. *See* DE [99]. The Court adjourned the status conference to March 10, 2022, and explicitly warned Sandra that another failure to appear would "result in a Report and Recommendation to [Judge Hurley] that this case be dismissed for failure to prosecute." *Id.* A copy of the Minute Order from this conference was mailed to the address that Sandra had provided. *See* DE [100]. Sandra, however, failed for a fourth consecutive time to appear for a status conference held on March 10, 2022. *See* DE [101].

## II.   LEGAL STANDARD

Rule 41(b) authorizes the district court to dismiss a complaint "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order[.]" Fed. R. Civ. P. 41(b); s*ee LeSane v. Hall's Sec. Analyst. Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) ("[I]t is unquestioned that Rule 41(b) . . . gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute."). In considering whether dismissal for failure to prosecute is proper, courts consider the following factors:

> (1) the duration of plaintiff's failure to comply with court orders; (2) whether plaintiff was on notice that failure to comply would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less dramatic than dismissal.

*Green v. Rodgers*, No. 15-cv-2260, 2017 WL 1208746, at *6 (E.D.N.Y. Mar. 15, 2017) (citing *Davis v. Town of Hempstead*, 597 Fed. App'x. 31, 32 (2d Cir. 2015)), *report and recommendation adopted*, 2017 WL 1216524 (E.D.N.Y. Mar. 31, 2017); *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014). In conducting the analysis under Rule 41(b), "no one factor is dispositive." *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994). Moreover, a court is not required to discuss each factor at length so long as an explanation for dismissal is given. *See Martens v. Thomann*, 273 F.3d 159, 180 (2d Cir. 2001); *see also Baptiste*, 768 F.3d at 217 (observing that district courts are not expected to "make exhaustive factual findings or to utter…robotic incantations") (internal quotation marks and citation omitted). Ultimately, whether to dismiss a case for failure to prosecute lies within the court's discretion. *U.S. ex rel. Reliable Constr. PM, Inc. v. Land Frog, Inc.*, No. 13-cv-7351, 2015 WL 740034, at *2 (E.D.N.Y. Feb. 20, 2015) (citation omitted).

## III.    DISCUSSION

Applying the standards described above, the Court respectfully recommends dismissal of Sandra's claims pursuant to Rule 41(b) for her failure to prosecute and, subject to the expeditious filing of Matthew's and Michael's stipulation of discontinuance, termination of this matter. As detailed above, Sandra has failed to

appear for conferences on multiple occasions throughout the duration of the case –

including the past four scheduled status conferences – despite repeated warnings by

this Court that her continued failure to appear would result in the dismissal of her

claims against Defendants. Under these circumstances, it appears that Sandra is not

pursuing this action further, and there is no less dramatic sanction that is

appropriate. Accordingly, in consideration of the above factors, the Court respectfully

recommends that Sandra's claims be dismissed pursuant to Rule 41(b).

## IV.   CONCLUSION

For the reasons set forth herein, the Court respectfully recommends that

Sandra's claims be dismissed with prejudice for failure to prosecute pursuant to Fed.

R. Civ. P. 41(b) and, subject to Matthew's and Michael's stipulation of discontinuance,

this matter be terminated.

## V.   OBJECTIONS

A copy of this Report and Recommendation is being served on Michael,

Matthew, and Defendants by electronic filing on the date below. Counsel for Michael

and Matthew is directed to serve a copy on Sandra within three days of the date below

and promptly file proof of service via ECF. Any objections to this Report and

Recommendation must be filed with the Clerk of the Court within 14 days of receipt

of this report. Failure to file objections within this specified time waives the right to

appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72;

*Ferrer v. Wolvier*, No. 05-cv-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008);

*Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84

F.2d 52, 60 (2d Cir. 1996).


Dated:  Central Islip, New York
        March 15, 2022

                                                  s/ Steven I. Locke
                                                  STEVEN I. LOCKE
                                                  United States Magistrate Judge